## RAMSEY & DARBY *v.* JOHN M. JONES.

JUDGMENT. *Interest. Correction.* A judgment by a justice of the peace, upon a note bearing ten per cent. interest, does not bear that rate of interest unless it appear in the judgment that the note sued on bore such rate ; execution issued thereon must follow the judgment. The circuit court has no power to correct the judgment when the execution is brought into that court by *certiorari.*

### FROM COCKE.

Appeal in error from the Circuit Court of Cocke county. J. G. ROSE, J.

W. McFARLAND for Ramsey.

W. M. LANGHORNE for Jones.

McFARLAND, J., delivered the opinion of the court.

This was a petition to the circuit court to supersede and quash four executions issued against the petitioners by a justice of the peace, upon judgments in favor of John M. Jones, upon the ground that they had been paid and satisfied. The circuit judge overruled the motion to quash and rendered a judgment against the petitioners and their surety on the *certiorari* and *supersedeas* bond for an unpaid balance of said judgments, from which judgment the petitioners have appealed in error. The question depends upon the

rate of interest upon three of the judgments. The executions on said three judgments commands the officer to collect the amounts of the judgments with ten per cent. interest. The judgments were in fact rendered upon notes bearing ten per cent. interest, but the judgments on their face do not show the fact, and are entirely silent as to the rate of interest. It is agreed that if the judgments only bore six per cent. interest, then they were paid in full and the executions should have been quashed, but if said judgments bore ten per cent. interest, then the judgment of the circuit court is correct. The rate of interest prescribed by the general statutes is six per cent., and judgments where not otherwise provided bear that rate of interest. Code, secs. 1945—1948.

And so it was held in the case of *Wade* v. *Pratt*, 12 Heis., 231, that a judgment rendered upon a note bearing ten per cent. interest under the conventional interest law of 1860, only bore six per cent., as other judgments. The conventional interest law of 1860, however, was silent as to the rate of interest upon judgments on contracts bearing ten per cent. interest.

The act of 1869–70, chapter 69, sec. 1, is in these words: "Hereafter it shall be lawful to contract for any rate of interest not exceeding ten per cent. per annum, provided the rate of interest be in writing and expressed in the face of the instrument creating the debt or obligation; and when judgment or decree shall be recovered on such written contract, it shall bear the same rate of interest as the written instrument upon which the judgment or decree is based,

and shall be so expressed in the judgment or decree, and endorsed upon the execution issued thereon."

Under this section it is the duty of the justice rendering judgment upon a contract bearing a greater rate of interest than six per cent., to show the fact in his judgment, and then by operation of the above statute the judgment will bear the same rate of interest as the contract. If, however, the judgment does not show such fact, it falls under the previous statutes upon the subject and bears six per cent. interest.

If the justice fails to show in his judgment that it was rendered on a contract bearing a greater rate of interest than six per cent., when in fact it was so rendered, it would be the duty of the plaintiff to have the judgment corrected in this respect; but if this be not done, the justice issuing the execution cannot look behind the judgment to see upon what character of contract it was rendered, but the execution must follow the judgment. Such was our holding upon this precise point at the last term at Jackson, in the case of *W. P. Forally* v. *L. Pappenheiner*, MS. Conceding that upon proper application the justice might have corrected or amended his judgment in this particular— which may be doubtful—yet we think the circuit court had no power to make the correction when the executions were brought into that court to be quashed. This could only have been done by the justice who rendered the judgment, or upon appeal.

The judgment will be reversed and judgment entered quashing the executions.